UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CR-20104-BLOOM

UNITED STATES OF AMERICA

v.

CELON MURRAY,

    Defendant.

_____/

## UNITED STATES' RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this Response to the Standing Discovery Order. This Response also complies with Local Rule 88.10, the Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

1. On April 3, 2026, the United States provided to counsel of record discovery consisting of one hundred and three (103) documents, five photos, and one audio file. The discovery included investigative reports, a recorded interview of the defendant, and voting forms. Please contact the undersigned should you experience any issues accessing the files.

2. That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent has been provided to counsel for the defendant by separate mailing.

3. No defendant testified before the Grand Jury.

4. The defendant's prior criminal record, if any exists, will be made available upon receipt by this office.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the United States intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant may be inspected at the Office of the United States Attorney, 99 N.E. 4th

1

Street, Miami, Florida, Suite 700. Please provide undersigned with 48 hour's notice if counsel for the defendant intends to review the evidence at this date and time. The United States awaits contact from undersigned to schedule a mutually convenient time for the discovery conference.

6.  The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the United States intends to introduce at trial.

A.  DEMAND FOR RECIPROCAL DISCOVERY. The United States requests the disclosure and production of materials made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

B.  The United States will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976). However, the United States is currently unaware of any such information or material.

C.  The United States will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective United States witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), or *Napue v. Illinois*, 360 U.S. 264 (1959).

D.  The United States is unaware of any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the United States at trial.

E.  No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

F.  The United States has advised its agents and officers involved in this case to preserve all rough notes.

G.  The United States will advise the defendant prior to trial of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

2

H.  In addition, the United States may introduce under Rule 404(b) evidence of the defendant's past criminal activity that has resulted in arrests and/or conviction.

I.  The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.  The United States has ordered transcribed Grand Jury testimony of all witnesses who will testify for the United States at the trial of this cause.

K.  The United States does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the United States' possession.

L.  To date, the United States has not received a request for disclosure of the subject matter of expert testimony that the United States reasonably expects to offer at trial. Nonetheless, at trial, the United States will call a handwriting expert to testify regarding the comparison of the defendant's signatures taken from different documents to verify that they were made by same the individual.

M.  The United States will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

N.  At the discovery conference, the United States will seek written stipulations to agreed facts in this case to be signed by the defendant and defense counsel.

O.  The United States is available for a pretrial discovery conference as required by Rule 16.1 of the Federal Rules of Criminal Procedure and Local Rule 88.10(o).

The United States is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady, Giglio, Napue*, and the obligation to assure a fair trial.

On April 3, 2026, the previously mentioned items were provided to counsel of record via USAfx. Please contact the undersigned Assistant United States Attorney if you are missing any of these items. Upon receipt of additional discovery, the United States will promptly disclose to counsel of record and file another response to the Standing Discovery Order.

3

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

/s/ *Jackson K. Dering V*
JACKSON K. DERING V
Assistant United States Attorney
Florida Bar No. A5503449
99 Northeast 4th Street
Miami, Florida 33132-2111
(786) 239-9274
Jackson.Dering@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed on 3rd day of April 2026, with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF and that the items listed were made available to counsel of record via USAfx.

/s/ *Jackson K. Dering V*
Jackson K. Dering V
Assistant United States Attorney

4